**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6781**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NAKIE HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:05-cr-00061-SAG-1)

Submitted:  February 15, 2022

Decided:  March 4, 2022

Before KING, AGEE, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Nakie Harris, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nakie Harris appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. On appeal, Harris disputes the district court's conclusion that he failed to demonstrate extraordinary and compelling reasons supporting compassionate release based on the combination of the COVID-19 pandemic (particularly within the context of his prison environment), his obesity, and his rehabilitation. We vacate and remand for further proceedings.

We review a district court's ruling on a compassionate-release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (per curiam), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

Upon a defendant's motion, a district court may reduce a prison term if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[D]istrict courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). If a court finds extraordinary and compelling reasons, "it must consider the [18 U.S.C.] § 3553(a) sentencing factors to the extent that they are applicable in deciding whether to exercise its discretion to reduce the defendant's

2

term of imprisonment." *United States v. High*, 997 F.3d 181, 187-90 (4th Cir. 2021) (cleaned up).

Here, the district court found no extraordinary and compelling reasons warranting compassionate release. In reaching this finding, however, the district court did not consider the impact of Harris' post-sentencing conduct and evidence of rehabilitation on the extraordinary and compelling reasons analysis. The district court expressly commended Harris' efforts at rehabilitation and positive conduct during his incarceration but declined to consider the impact of this evidence outside the context of the § 3553(a) inquiry—an inquiry that the court also declined to undertake based on its finding that Harris failed to establish the threshold requirement of extraordinary and compelling reasons.

As the district court correctly observed in a prior order, rehabilitation alone cannot serve as a basis for compassionate release. 28 U.S.C. § 994(t). However, we have recognized that successful rehabilitation efforts can be considered as "one among other factors" establishing extraordinary and compelling reasons for release. *McCoy*, 981 F.3d at 286 n.9. By categorically refusing to consider the impact of Harris' rehabilitative efforts, in combination with the other circumstances Harris presented, when conducting the extraordinary and compelling reasons analysis, the district court committed an error of law. *See Jenkins*, 22 F.4th at 167. Additionally, the district court's omission precludes us from determining that the court conducted a sufficient individualized assessment of Harris' circumstances, precluding meaningful appellate review of the district court's substantive

3

decision.[*]  *See High*, 997 F.3d at 187-90 (discussing procedural requirements for compassionate-release ruling).

We have thoroughly reviewed the record in light of Harris' remaining assignments of error and identified no reversible error on these grounds.  Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.  In so doing, we express no opinion on the merits of Harris' motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] In his informal briefs, Harris presents various facts regarding the conditions at his prison facility and his medical diagnoses and records that have arisen since the district court issued its ruling.  Insofar as these new matters conceivably could impact the extraordinary and compelling reasons analysis, we decline to address them at this juncture, as they are more properly considered by the district court in the first instance. *See Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 219 n.3 (4th Cir. 2006); *see also Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) ("[W]e are a court of review, not of first review." (internal quotation marks omitted)).