**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7518

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD DEMETRIOUS THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:06-cr-00405-DKC-1)

Submitted:  January 31, 2022                          Decided:  April 5, 2022

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Ronald Demetrious Thomas, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Demetrious Thomas appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Because the district court relied on an erroneous factual premise, we vacate and remand.

We review for abuse of discretion the district court's denial of a compassionate release motion. *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted). In order to grant a motion for compassionate release, a district court must find (1) that extraordinary and compelling reasons warrant a sentence reduction, and (2) that a sentence reduction is justified under the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i).

In 2007, Thomas pleaded guilty to distributing 50 grams or more of cocaine base. Because Thomas had two prior felony convictions for controlled substance offenses, the district court designated him a career offender, substantially increasing his advisory Sentencing Guidelines range. The court then imposed a within-Guidelines-range sentence of 400 months' imprisonment—a term later reduced in 2019 to 300 months pursuant to Thomas' successful 18 U.S.C. § 3582(c)(1)(B) motion for relief under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

In the instant pro se motion for compassionate release, Thomas asserted that, based on *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019) (holding that 21 U.S.C.

2

§ 846 drug conspiracy conviction is not categorically a controlled substance offense for purposes of U.S. Sentencing Guidelines Manual § 4B1.2(b)), he no longer qualified as a career offender. In summarily rejecting this argument, the district court stated that "[t]he changing sentencing landscape has been considered in earlier proceedings." Indeed, in granting Thomas' § 3582(c)(1)(B) motion in 2019, the court necessarily considered the reduced statutory penalties for cocaine base offenses. But Thomas' career offender challenge is not based on this "changing sentencing landscape"; rather, Thomas is making a separate and distinct argument premised on the alleged invalidity of one of his career offender predicates. Because the district court incorrectly indicated that it had previously considered Thomas' argument—which, we note, appears not to be frivolous, as it implicates one of the § 3553(a) factors that a court may weigh when deciding a compassionate release motion, *see* 18 U.S.C. § 3553(a)(4) (instructing court to consider applicable Guidelines range)—we conclude that the court abused its discretion.

Seeking to avoid this outcome, the Government faults Thomas for suggesting that *United States v. Chambers*, 956 F.3d 667, 672-74 (4th Cir. 2020)—which requires district courts to recalculate the Guidelines when deciding Section 404 motions—should apply here. We agree that *Chambers* has not been extended to the compassionate release context and, moreover, that resolving a sentence reduction motion does not require a plenary resentencing proceeding. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018). But the Government ignores Thomas' broader complaint concerning the district court's failure to consider his precise career offender argument. And, critically, this latter claim goes to the heart of the district court's procedural obligations—i.e., that "the district court

3

set forth enough to satisfy this court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Jenkins*, 22 F.4th at 171 (cleaned up).  Thus, we reject the Government's narrow reading of Thomas' argument on appeal.

Next, the Government insists that the district court did, in fact, consider a nearly identical career offender claim when it denied a prior compassionate release motion that Thomas had filed through counsel.  On the contrary, Thomas' counseled motion asserted that, as a nonviolent career offender, he should not be punished as harshly as career offenders with violent criminal histories.  This appeal to equity is vastly different from the argument Thomas raised in his pro se motion, where he averred that, as a matter of law, he no longer qualifies as a career offender.

Finally, the Government contends that, broadly speaking, the district court provided a sentencing explanation that "was more expansive and thorough" than other explanations that this court has upheld.  The problem, however, is that there was a flaw in the foundation of the district court's explanation.  So even if, on the surface, the court's explanation was sufficient, the sheer length of its opinion could not cure the underlying error.

Accordingly, we vacate the district court's order and remand for further proceedings.*  We deny as moot Thomas' motion to extend the deadline for filing an

---

\* Whether Thomas remains a career offender is a question we leave for the district court to decide in the first instance.  And even if Thomas prevails on this point, we emphasize that the court still retains discretion to determine both whether Thomas has presented an extraordinary and compelling basis for relief and, if so, whether the absence

4

informal reply brief.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

of the career offender enhancement affects the court's assessment of the § 3553(a) factors. By this disposition, we express no opinion on the merits of these issues.