**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7179

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH ORBIE JAMES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00190-NCT-3)

Submitted:  March 21, 2022                         Decided:  August 18, 2022

Before GREGORY, Chief Judge, and AGEE and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.  Chief Judge Gregory dissents.

Keith Orbie James, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Orbie James appeals the district court's order denying his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239.  We affirm.

James is serving a 254-month sentence, imposed in 2010, following his conviction on two counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 & 2 ("Hobbs Act robbery"), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).   In his motion for compassionate release, James asserted that he was 49 years old and suffered from numerous serious health issues.  James had previously contracted COVID-19, for which he spent 12 days in the hospital, including 8 days on a ventilator.  Although he had received the first of two vaccination injections at the time he filed his motion, James argued that he was at risk of reinfection and more severe complications if he contracted COVID-19 again.  As additional grounds for compassionate release, James argued that the medical care at his facility, FCI-Petersburg, was inadequate, his sister needed his help to care for their mother and another sibling, and that, under current law, he would not be convicted on the § 924(c) charge because he did not have a qualifying predicate crime of violence.

The district court acknowledged that James had been hospitalized for, and recovered from, COVID-19.  The court observed that the Centers for Disease Control and Prevention ("CDC") determined that several of the diseases and conditions afflicting James—Type 2 diabetes, hypertension, liver disease, and obesity—heightened the risk of severe illness from COVID-19 and, recognizing James' claim that his age also placed him at risk, the

2

court noted the CDC's determination that increased age was also a risk factor.  The court found that the fact that FCI-Petersburg took James to the hospital for COVID-19 treatment demonstrated that the institution took James' illness seriously and sought the necessary care.

Recognizing that James was at least partially vaccinated, the court observed that 376 staff members and 1,936 out of 2,138 inmates at FCI-Petersburg were fully vaccinated as of July 8, 2021.  Furthermore, the court observed that there were no reported cases of COVID-19 at FCI-Petersburg at the time of its order.  As for James' concern regarding reinfection and the COVID-19 variants, the court cited evidence that the vaccines are effective in reducing the risk of severe illness or death from COVID-19.  The court determined that the medical records contradicted James' claim that he was not receiving adequate medical care.  Additionally, the court rejected James' claim that problems with his legs prevented him from providing self-care in the prison environment.  Thus, the court concluded that "[n]either James'[] age, medical conditions (in the context of COVID-19 or not), nor the situation at Petersburg is an extraordinary and compelling reason, alone, or in combination, for relief."  *United States v. James*, No. 1:09-cr-00190-NCT-3 (M.D.N.C. July 9, 2021) (unpublished).

The court also rejected the other grounds James cited for compassionate release. Concluding that James failed to establish extraordinary and compelling reasons warranting compassionate release, the court denied relief.  James timely appealed.

On a defendant's motion, a district court may reduce a prison term if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  If a court

3

finds that extraordinary and compelling reasons exist, it must then consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

We review a district court's ruling on a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (per curiam), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

After reviewing the record, we discern no such error. To the extent that James' increased susceptibility to severe COVID-19 complications and the fact that he previously suffered serious consequences from contracting COVID-19 presents a close question as to whether he demonstrated extraordinary and compelling reasons for compassionate release,[1] we conclude that the district court's resolution of that question is not an abuse of discretion. *See Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) ("At its immovable core, the abuse of discretion standard requires a reviewing

---

[1] James' other arguments present no close question. Nothing in James' medical records is consistent with his claim of medical neglect or inadequate medical care. James' desire to assist his sister in caring for their family members, we conclude, is not an extraordinary and compelling reason for compassionate release. Finally, the predicate crime of violence for James' 18 U.S.C. § 924(c) conviction was Hobbs Act robbery and aiding and abetting, which we have determined qualifies categorically as a crime of violence under the force clause of § 924(c)(3)(A), *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019)—even under an aiding and abetting theory, *United States v. Ali*, 991 F.3d 561, 574 (4th Cir.), *cert. denied*, 142 S. Ct. 486 (2021).

4

court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance.").

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*[2]

---

[2] Chief Judge Gregory dissents.

5