**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6035

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEDRICK LAMONT JOHNSON, a/k/a Rick, a/k/a Ricky,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:19-cr-00137-AJT-1)

Submitted:  September 29, 2022                    Decided:  October 24, 2022

Before KING and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nedrick Lamont Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nedrick Johnson appeals the district court's order denying his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The district court found that Johnson failed to present extraordinary and compelling reasons to justify granting compassionate release.  Concluding that the district court abused its discretion by relying on an erroneous factual premise, we vacated the order and remanded the case to the district court for a more thorough analysis of the 18 U.S.C. § 3553(a) factors.  *United States v. Johnson*, 858 F. App'x 682 (4th Cir. 2021) (No. 20-7621).

On remand, Johnson supplemented his motion for compassionate release, arguing that the COVID-19 pandemic itself presents extraordinary and compelling circumstances warranting compassionate release, that COVID-19 cases were rising in his area, and that he is obese and has type 2 diabetes and epilepsy—conditions that increase his risk of severe illness from COVID-19.  As for the § 3553(a) factors, Johnson contended that he is a model inmate, received excellent work evaluations, and completed educational programs while incarcerated.  He argued that his offense was nonviolent, he has received a meaningful punishment for his crime, he has family members who would help him reenter society if he were released, and he would be a productive member of society.  The district court again denied Johnson's motion, finding that, although Johnson's medical conditions put him at risk of severe illness if he contracted COVID-19, there were not extraordinary and compelling reasons warranting relief because of Johnson's age and access to a vaccine, and the fact that the virus was well-controlled at his institution.  The court also concluded that the § 3553(a) factors did not warrant compassionate release, relying on the seriousness of

2

Johnson's criminal history, the circumstances of the offense, and the fact that Johnson had served only a small portion of his sentence.[*]

On appeal, Johnson argues that the district court abused its discretion and violated the law-of-the-case doctrine in finding that he had not presented an extraordinary and compelling reason for granting compassionate release and abused its discretion by failing to consider his rehabilitation efforts and each of the § 3553(a) factors.  A district court's ruling on a motion for compassionate release is reviewed for abuse of discretion.  *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021); *see United States v. High*, 997 F.3d 181, 185-87 (4th Cir. 2021).

Johnson contends that the district court erred by failing to abide by the law-of-the-case doctrine in determining that he failed to present extraordinary and compelling circumstances warranting compassionate release.  "The mandate rule is a specific application of the law of the case doctrine" to cases that have been remanded on appeal.  *Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007).  "[A]bsent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.* (internal quotation marks omitted).  "Although the doctrine applies both to questions actually decided as well as to those decided by necessary implication, it does not reach questions which might have been

---

[*] The court also rejected Johnson's challenge to the indictment, and we discern no error in that regard.

decided but were not." *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks omitted).  With these standards in mind, our review of the record leads us to conclude that the district court did not violate the law-of-the-case doctrine or abuse its discretion in finding extraordinary and compelling circumstances did not exist.

Johnson next argues that the district court failed to consider his rehabilitation efforts and did not consider all of the § 3553(a) factors in determining relief was not warranted. We presume that the district court considered relevant factors in deciding a § 3582(c)(1)(A) motion.  *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021).  "A district court need not provide an exhaustive explanation analyzing every § 3553(a) factor." *Id.* at 170.  Nor is the "district court . . . required to address each of a defendant's arguments." *Id.*; *see id.* at 171.  Rather, "the relevant standard is whether the district court set forth enough to satisfy this court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 171 (cleaned up).  A more robust explanation may be required where there is significant postsentencing mitigation evidence, *see High*, 997 F.3d at 190-91, but in this case, Johnson presented minimal mitigation evidence and the district court's order set forth enough explanation to show it had a reasoned basis for finding that the § 3553(a) factors did not warrant compassionate release.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4