**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-7738**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DANIEL AARON STONE,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:06-cr-00474-RBH-1)

─────────────

Submitted:  February 15, 2023                        Decided:  July 7, 2023

─────────────

Before GREGORY, Chief Judge, and WYNN and QUATTLEBAUM, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Daniel Aaron Stone, Appellant Pro Se.  Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Aaron Stone appeals the district court's text order denying reconsideration on Stone's 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. We review a district court's denial of a compassionate-release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

Upon review of Stone's arguments on appeal, in conjunction with the underlying record and relevant authorities, we conclude that the district court did not abuse its discretion in denying Stone's motion. *See United States v. Bond*, 56 F.4th 381, 384-85 (4th Cir. 2023) (holding, within the compassionate-release context, that district court did not abuse its discretion in considering (a) defendant's sentencing exposure on all charged counts, despite defendant pleading guilty to only two 18 U.S.C. § 924(c) counts; and (b) the substantial benefit defendant received by pleading guilty to those two counts);* *see also United States v. High*, 997 F.3d 181, 189-90 (4th Cir. 2021) (recognizing that a district court need not "*acknowledge and address* each of the defendant's arguments on the record," so long as the court offers "enough to satisfy our court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking

---

* We held this appeal in abeyance for this court's decision in *Bond*.

2

authority, so as to allow for meaningful appellate review" (cleaned up)).  Accordingly, we affirm the district court's text order.  *United States v. Stone*, No. 4:06-cr-00474-RBH-1 (D.S.C. Nov. 9, 2021).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*