**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6011

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEONE ANTONIO MELVIN, a/k/a D,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:03-cr-00321-DKC-1)

Submitted:  August 31, 2023                    Decided: September 14, 2023

Before WILKINSON and KING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** C. Justin Brown, BROWN LAW, Baltimore, Maryland, for Appellant. Erek L. Barron, United States Attorney, Adam K. Ake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deone Antonio Melvin appeals from the denial of his motion for compassionate release. On appeal, he asserts that the district court failed to properly consider his arguments that there were extraordinary and compelling reasons for his release. We affirm.

Melvin was found guilty after two jury trials of drug conspiracy, cocaine distribution, and two 18 U.S.C. § 924(c) counts of possession of a firearm in furtherance of a drug trafficking crime. At sentencing, Melvin's Sentencing Guidelines range was 360 months to life in prison for the drug charges. The court granted a downward variance to 180 months – 15 years – on the drug charge and sentenced Melvin to the mandatory minimum consecutive sentence of 360 months on the firearm charges (5 years on the first count, 25 years for the second count). Thus, Melvin's total sentence was 540 months – 45 years – in prison. In January 2017, President Barack Obama commuted Melvin's sentence by 15 years, reducing the total term of imprisonment from 45 years to 30 years. In 2019, the First Step Act changed how § 924 sentences "stack." Today, Melvin would face a mandatory minimum of 10 years in prison for his two firearm convictions.

We review for abuse of discretion a district court's ruling on an 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the district court considers whether "extraordinary and compelling reasons" support a sentence reduction. *Id.* at 185 (internal quotation marks omitted). Second, the court considers whether granting such a reduction would be "consistent with applicable policy statements issue by the Sentencing Commission." *Id.* at 185-86 (internal quotation marks omitted). Because there is currently no Sentencing Commission policy statement "applicable" to defendant-filed motions for compassionate release, "district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). Third, if the court determines that the defendant has demonstrated extraordinary and compelling reasons, it must also consider any applicable sentencing factors under 18 U.S.C. § 3553(a) to determine whether a sentence reduction is warranted. *United States v. Mangarella*, 57 F.4th 197, 200 (4th Cir. 2023).

The defendant seeking compassionate release bears the burden of showing that extraordinary and compelling reasons warrant a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). A motion for compassionate release "precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.' The problem with such an approach is that it renders the general rule of finality and the extraordinary-and-compelling-reasons requirement superfluous, void or insignificant." *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2012).

3

A district court need not address every argument raised by a defendant in a compassionate-release motion. *Jenkins*, 22 F.4th at 170 (noting that "just how much of an explanation is required depends upon the narrow circumstances of the particular case"). Nevertheless, the court must provide an explanation sufficient "to allow for meaningful appellate review" in light of the particular circumstances of the case. *High*, 997 F.3d at 190 (internal quotation marks omitted). "[T]he touchstone in assessing the sufficiency of the district court's explanation must be whether the district court set forth enough to satisfy [this] court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority[.]" *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022) (internal quotation marks omitted).

On appeal, Melvin first argues that the district court improperly concluded that President Obama's commutation of Melvin's sentence did not entirely eliminate the effect of his stacked sentences. However, the district court did not so rule; instead, the court found that the original downward variance, together with the commutation, sufficiently addressed any unfairness arising from the stacking. Further, while the court did not explicitly address each of Melvin's assertions regarding the sentence he would face today for the same charges, we find that the court's analysis was sufficient.

Melvin's arguments that he would be sentenced to a lower sentence were he to be sentenced today rely on speculation regarding charging practices and average sentences, but such speculation involves numerous factors, assumptions, and considerations, rendering comparisons and predictions difficult, if not impossible. Moreover, Melvin does not argue that, if the court had properly considered his arguments, the denial of his motion

4

would be an abuse of discretion; instead, he contends that the court did not adequately explain its reasoning. However, we find that the district court sufficiently explained its conclusions that any disparity between Melvin's current sentence and the one to which he would be sentenced today did not constitute an extraordinary and compelling reason for release. *United States v. Jones*, 980 F.3d 1098, 1113, 1116 (6th Cir. 2020) (finding that "explicit and particular" explanation of the district court's "factual reasoning" provides an adequate basis for "meaningful appellate review").

Melvin also asserts that the district court erred in rejecting his argument that his sentence was too harsh when compared to his codefendants. Melvin contends that, while his criminal history, role in the offense, and late acceptance of responsibility can explain some disparity, the disparities here were too extreme. However, the factors Melvin points to can support a large disparity, and the sentencing court's finding that Melvin was the driving force behind the conspiracy undermines Melvin's contention that any disparity was compelling or extraordinary. *See United States v. Pierce*, 409 F.3d 228, 235 (4th Cir. 2005) ("A district court is not required to consider the sentences of codefendants, and it is well settled that codefendants and even coconspirators may be sentenced differently for the same offense[.]" (citations omitted)). Moreover, many of the cited disparities existed at the time of sentencing, thus further undermining a finding of extraordinary and compelling circumstances, as the issue could have been raised earlier.

Turning to his rehabilitation, as Melvin observes, the district court only briefly addressed his post-sentencing mitigation evidence when considering whether Melvin had shown an extraordinary and compelling reason for release. While rehabilitation alone

5

cannot serve as an extraordinary and compelling reason for compassionate release, *McCoy*, 981 F.3d at 286 n.9 (citing 28 U.S.C. § 994(t)), successful rehabilitation efforts can be considered as "one among other factors." *Id.* As such, even if the court provided a more robust analysis of Melvin's rehabilitation and determined that it favored release, Melvin would have to provide other circumstances and factors that would constitute, in aggregation, extraordinary and compelling reasons for release.

As discussed above, the district court provided appropriate reasoning in rejecting Melvin's claims. In so doing, the court noted Melvin's original downward variance and the commutation of his sentence. Notably, the court did not simply find Melvin's sentencing claims to fall short of an extraordinary and compelling reason for release. Instead, the court found Melvin's claims of unfairness regarding his sentence generally without merit and found that, even in combination with his rehabilitation, his arguments did not show an extraordinary and compelling reason for release. Accordingly, given that the district court had rejected the remainder of Melvin's arguments, there was no abuse of discretion in the analysis of Melvin's rehabilitation.

Because the district court adequately considered Melvin's arguments and explained its rejection of them, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6