**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-7153**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCIS CURTIS DAVIS, a/k/a Abdul-Malik Francis As-Salafi,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:11-cr-00080-JAG-RCY-1)

Submitted:  September 9, 2024                    Decided:  September 18, 2024

Before WILKINSON, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis Curtis Davis, Appellant Pro Se. Janet Jin Ah Lee, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdul-Malik Francis As-Salafi[1] appeals from the district court's order denying his motion to credit and reduce his sentence. As-Salafi's motion was essentially a motion for clarification and reconsideration of the court's order granting in part his motion for compassionate release. In that order, the district court found that As-Salafi's post-sentencing rehabilitation and his family circumstances, when viewed together, amounted to extraordinary and compelling circumstances supporting a reduced sentence. After considering the 18 U.S.C. § 3553(a) sentencing factors, the district court reduced As-Salafi's term of imprisonment by sixty months and increased his term of supervised release. The district court denied the instant motion, finding that its prior order adequately considered As-Salafi's arguments. On appeal, As-Salafi contends that the district court failed to adequately consider additional circumstances following the court's order and that the court's order granting compassionate release altered his consecutive sentence to one that should run concurrently with his state sentence. We reject As-Salafi's arguments and affirm.

We review a district court's decision on a motion for compassionate release for abuse of discretion. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "Under this standard, 'this Court may not substitute its judgment for that of the district court.'" *Id.* "A district court abuses its discretion when it acts 'arbitrarily or irrationally,' fails to follow

---

[1] Although the caption refers to Appellant's birthname of Francis Curtis Davis, Appellant has legally changed his name to Abdul-Malik Francis As-Salafi. Accordingly, we refer to the Appellant as As-Salafi.

2

statutory requirements, fails to 'consider judicially recognized factors constraining its exercise of discretion,' relies 'on erroneous factual or legal premises,' or 'commit[s] an error of law.'" *Id.*

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

We presume that the district court sufficiently considered relevant factors in deciding a § 3582(c)(1)(A) motion. *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021). "Although a district court is not required to address each of a defendant's arguments for a reduced sentence, just how much of an explanation is required depends upon the narrow circumstances of the particular case." *Id.* at 170. "[T]he touchstone in assessing the sufficiency of the district court's explanation must be whether the district court set forth enough to satisfy our court that it has *considered* the parties' arguments and has a *reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022) (internal quotation marks omitted).

In determining whether a district court abused its discretion in analyzing the § 3553(a) factors for a § 3582(c)(1)(A) motion, "it weighs against an abuse of discretion—and is viewed as 'significant'—when the same judge who sentenced the defendant rules on

3

the compassionate release motion." *Bethea*, 54 F.4th at 834.  Moreover, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020).

On appeal, As-Salafi first argues that the district court erred by not adequately considering his mother's declining circumstances.   However, the district court explicitly considered As-Salafi's mother's "precarious" position, her need for assistance, her health problems, and the loss of her job and home.  The district court noted that it had already determined that As-Salafi had shown an extraordinary and compelling reason for release and that the additional facts presented by As-Salafi did not alter the § 3553 calculus.

As-Salafi's argument that the district court did not properly consider his family's updated circumstances conflates the "extraordinary and compelling" requirement and the § 3553(a) analysis, which are two separate steps.  That is, while the needs of family members may contribute to or satisfy the extraordinary and compelling circumstance component of the analysis, the sentencing factors in § 3553(a) do not focus on such considerations.  Instead, these factors consider the history and characteristics of the prisoner himself and the needs of society.  *See* 18 U.S.C. § 3553(a) (listing relevant sentencing factors).  As such, his mother's circumstances were only material to a question already decided in As-Salafi's favor and, thus, further facts and developments did not require extensive analysis by the district court.[2]

---

[2] On appeal, As-Salafi also contends that the district court erred in failing to consider his uncle's need for assistance.  As-Salafi only briefly mentioned his uncle's need for care in district court, and his attorney did not mention this issue at all.  However, it appears that (Continued)

4

Next, As-Salafi argues that, although apparently unintended, the removal of language running his sentence consecutively to his state sentence in the order granting compassionate release required that his sentences run concurrently. This claim is without merit. Notably, As-Salafi's counsel specifically sought clarification of the court's intent and did not make the instant argument below. In any event, in the absence of a statement by the sentencing court, sentences imposed at different times will be run consecutively. 18 U.S.C. § 3584(a). Finally, As-Salafi's technical arguments regarding his state and federal custody and the operative effect of the language in his amended judgment, even if meritorious, should be considered in a 28 U.S.C. § 2241 petition. As-Salafi provides no argument as to how his interpretation, which is admittedly at odds with the court's stated intent to run the sentences consecutively, would alter the court's weighing of the § 3553 factors and the exercise of its discretion.

Finally, As-Salafi asserts that he is genuinely remorseful and expressed this to the district court following the court's partial grant of compassionate release. However, it was within the court's discretion to find that As-Salafi's statements did not reflect his genuine feelings, illustrate his understanding of the harm that he caused, or demonstrate actual growth. We decline to review what is essentially a credibility finding by the district court judge who presided over As-Salafi's initial sentencing as well as his various motions since.

---

As-Salafi's uncle had both a wife and As-Salafi's mother as help and support. In any event, As-Salafi's uncle has now unfortunately passed away, so any error by the district court in failing to consider this circumstance would no longer be relevant.

5

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*