**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6135**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RASHAWN RAKI WALLACE, a/k/a Shawn P,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:07-cr-00155-JFA-17)

Submitted: March 11, 2022                      Decided: April 25, 2022

Before NIEMEYER and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. M. Rhett DeHart, Acting United States Attorney, Stacey D. Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashawn Raki Wallace appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 ("First Step Act"). On appeal, Wallace argues that the district court abused its discretion by applying U.S. Sentencing Guidelines Manual § 1B1.13, p.s. (2018) ("USSG § 1B1.13" or the "policy statement") to deny relief. Wallace challenges the district court's reliance on the policy statement both in determining whether he established extraordinary and compelling reasons justifying his release and also in requiring him to demonstrate that he was not a danger to the safety of any other person or the community as a prerequisite to relief. Finding no reversible error, we affirm.

We review for abuse of discretion a district court's decision to deny compassionate release. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). If a court finds that extraordinary and compelling reasons exist, it must then consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

2

Finally, a court may grant a reduction only if it "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* "As of now, there is no Sentencing Commission policy statement 'applicable' to [a defendant's] compassionate-release motion[.]" *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Thus, USSG § 1B1.13 does not bind a district court when it considers a compassionate-release motion brought by a defendant, and the court is empowered to "consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (internal quotation marks omitted). The policy statement nevertheless "remains helpful guidance." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (internal quotation marks omitted); *see United States v. Jenkins*, 22 F.4th 162, 169-70 (4th Cir. 2021).

We need not reach Wallace's challenge to the district court's determination that he failed to establish extraordinary and compelling reasons. Even if a district court erroneously applies USSG § 1B1.13 in conducting the extraordinary and compelling reasons inquiry, we may yet uphold the district court's ruling if the court permissibly concludes that relief is unwarranted in light of the § 3553(a) factors. *See High*, 997 F.3d at 186-87 & n.*; *Kibble*, 992 F.3d at 329-32. We find that approach appropriate here.

Wallace asserts that the district court's § 3553(a) analysis was fatally flawed, as it required him to demonstrate compliance with USSG § 1B1.13(2) (authorizing sentence reduction only upon court's determination that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"). As Wallace contends, the lack-of-dangerousness criteria in § 3142(g) apply only to defendant-filed motions for release under § 3582(c)(1)(A)(ii), not those, like Wallace's, seeking relief

3

under § 3582(c)(1)(A)(i). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Long*, 997 F.3d 342, 356-57 (D.C. Cir. 2021). The district court referenced this requirement directly when denying relief. Nevertheless, a careful review of the district court's order reveals that the district court also concluded that § 3553(a) factors did not support relief beyond the sentence reduction it recently had granted Wallace under § 404 of the First Step Act, 132 Stat. at 5222.

While Wallace analogizes to *Long*, we find that authority readily distinguishable on its facts. As *Long* explained, "the [district] court mistakenly believed that the policy statement's lack-of-dangerousness prerequisite gave it no choice but to deny Long's motion, and that erroneous premise formed both the beginning and the end of its inquiry." 997 F.3d at 360. "Because the district court treated [USSG] § 1B1.13's dangerousness criterion as a categorical bar on relief, the record is silent as to what the district court might have done upon balancing all of [the § 3553(a)] factors as an exercise of informed discretion," necessitating vacatur and remand to allow the district court to supply the missing analysis. *Id.* (internal quotation marks omitted).

Here, the district court conducted a detailed review of the relevant § 3553(a) factors, explaining its conclusions that Wallace's offense and criminal history were serious, that any sentencing disparity had been resolved through its prior reduction, and that compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or adequately deter further crime. Wallace does not take issue with any portion of this analysis, and it finds support in the record.

Contrary to Wallace's argument, the district court's reliance on USSG § 1B1.13(2) does not undermine its § 3553(a) analysis. The court's separate analysis of the § 3142(g) factors was brief and largely duplicative of its more detailed § 3553(a) analysis. Nothing in the court's analysis suggests that its consideration of the § 3553(a) factors was influenced by its consideration of USSG § 1B1.13(2). We therefore conclude that any error the district court's reliance on the policy statement was not reversible, and the district court did not abuse its discretion in denying relief.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*