**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7530**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARRY NOLAN MOODY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:02-cr-00004-MR-4)

Submitted:  June 2, 2022                                    Decided:  July 22, 2022

Before GREGORY, Chief Judge, KING, Circuit Judge, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Harry Nolan Moody, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry Nolan Moody, who is currently serving a 30-year sentence following his 2002 conviction for conspiracy to manufacture and distribute 50 grams or more of methamphetamine, appeals the district court's order denying his pro se motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by the First Step Act of 2018. The district court ruled that, even assuming that changes in federal sentencing law invalidated Moody's career offender designation, neither this change alone, nor considered in conjunction with the relevant 18 U.S.C. § 3553(a) sentencing factors, satisfied the "extraordinary and compelling" standard for relief under § 3582(c)(1)(A)(i). Because we agree with Moody that the district court's analysis relies in part on an error of fact, we vacate the district court's order and remand for further proceedings.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id*. at 185. Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a

2

defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable § 3553(a) factors. *High*, 997 F.3d at 186.

We review for abuse of discretion a district court's ruling on a motion for compassionate release. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

Central to this appeal is the district court's conclusion that, even if Moody no longer qualified for sentencing as a career offender, this only minimally impacted the computation of his Sentencing Guidelines range because, without the career offender designation, Moody's offense level was 36, whereas that designation increased it to 37. As explained below, we agree with Moody that the court factually erred in its finding on this point.

Specifically, review of the transcript of the 2003 sentencing hearing confirms Moody's assertion that the sentencing court did not adopt either the attributable drug quantity or the drug type recited in the presentence report—to wit: 2,151.44 grams of a mixture or substance containing methamphetamine. The sentencing transcript establishes that the court sustained Moody's objection to this recommended finding and ruled instead that only 50 grams of *actual* methamphetamine were attributable to Moody. In

3

adjudicating the underlying compassionate release motion, though, the district court relied on the original PSR to make its comparative determination. We therefore conclude that the district court abused its discretion in relying on this erroneous factual finding as to the relative impact of Moody's career offender designation as a basis for denying relief. *See Kibble*, 992 F.3d at 332 (noting that reliance on an erroneous factual premise is an abuse of discretion in compassionate release proceedings).

Accordingly, we vacate the district court's order and remand this matter for further consideration. On remand, the district court should (a) review the transcript of the 2003 sentencing hearing in terms of the sentencing court's determination as to the drug type and quantity attributable to Moody, particularly as that relates to the jury's finding as reflected in its verdict sheet; and (b) reevaluate the impact of Moody's career offender designation on the Guidelines range as reconsidered. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*
