**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-6776**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES THOMAS BRICE, a/k/a Boo,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:07-cr-00261-SAG-2)

───────────────

Submitted:  July 19, 2022                    Decided:  August 29, 2022

───────────────

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  James Wyda, Federal Public Defender, Shari Silver Derrow, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Jonathan F. Lenzner, Acting United States Attorney, Shabnam Aryana, Special Assistant United States Attorney, David I. Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Brice appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (the "Act"), Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. For the reasons discussed below, we vacate the district court's order and remand this matter for further consideration in light of the Supreme Court's ruling in *Concepcion v. United States*, 142 S. Ct. 2389 (2022).[1]

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id*. at 185 (quoting § 3582(c)(1)(A)(i)). Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)

---

[1] We held this appeal in abeyance for *Concepcion*.

2

(cleaned up).  Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors.  *High*, 997 F.3d at 186.

We review for abuse of discretion a district court's ruling on a motion for compassionate release.  *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).  "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

In his motion for compassionate release, Brice maintained that his 262-month sentence, which was imposed in January 2009, should be reduced to time served because three underlying considerations, taken together, satisfied the "extraordinary and compelling reasons" standard.  These factors were:  (1) Brice's age (then 52) and identified medical conditions, coupled with the high rate of infection in his place of incarceration and his prior COVID-19 infection; (2) changes in federal sentencing law meant that Brice no longer qualified as a career offender because he was not convicted of a "controlled substance offense"[2] and his sentencing range under the now-operative Sentencing

---

[2] This argument relied on our ruling in *United States v. Norman*, 935 F.3d 232, 237-39 (4th Cir. 2019) (holding that a drug conspiracy offense under 21 U.S.C. § 846 is not categorically a "controlled substance offense" for purposes of U.S. Sentencing Guidelines Manual § 4B1.2(b)).

Guidelines would be lower; and (3) an unwarranted disparity between Brice's sentence and the sentences imposed on others in the underlying narcotics conspiracy.

In deciding this motion in relevant part,[3] the district court acknowledged its authority under *McCoy* to consider any of the "extraordinary and compelling" reasons advanced by Brice. The court further acknowledged that, "if Brice were to be sentenced today after *Norman* and certain intervening changes to the sentencing guidelines, his advisory guideline range would likely be meaningfully lower." J.A. 93.[4] The court observed, though, that the Act "did not expressly change the law in any way that would modify Brice's sentence, and it did not suggest or require the recalculation of existing sentences. Neither *Norman* nor the changes to the sentencing guidelines are retroactively applied on collateral review." *Id.*. The court thus declined to find that the identified "non-retroactive changes to sentencing case law or revisions to the sentencing guidelines" satisfied the "extraordinary and compelling reasons" standard. *Id.* at 94.

Brice challenges this ruling on appeal and, in light of the Supreme Court's decision in *Concepcion*, we question the district court's reliance on the nonretroactivity of *Norman* and the relevant Guidelines changes to conclude that the advanced postsentencing legal developments could not satisfy the "extraordinary and compelling reasons" standard. In

---

[3] Because Brice's brief on appeal challenges the district court's rationale as related only to the second advanced ground, we do not discuss the court's reasoning as to the first and third bases for the compassionate release motion.

[4] Citations to the "J.A." refer to the two-volume joint appendix submitted by the parties. (*See* ECF Nos. 14, 15).

*Concepcion*, the Supreme Court considered whether, in the context of a motion for sentence reduction under § 404(b) of the Act, a district court may consider intervening legal and factual developments in determining whether a reduction is appropriate. The Court ruled that district courts may do so and that, "[b]ecause district courts are always obligated to consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them." *Concepcion*, 142 S. Ct. at 2396. The Court further recognized, though, that the Act "does not compel courts to exercise their discretion to reduce any sentence based on those arguments." *Id*. With regard to the nonretroactivity of the relied-upon changes in the law, the Supreme Court explained that "[n]othing express or implicit in the First Step Act" prohibits or restricts a district court from "consider[ing] nonretroactive Guidelines amendments to help inform whether to reduce sentences at all, and if so, by how much." *Id*. at 2403.

This latter aspect of *Concepcion* undermines the district court's reasoning for rejecting the second prong of Brice's motion for compassionate release. Thus, although *Concepcion* arises in an admittedly different posture because it involved a motion pursuant to § 404(b) of the Act, we vacate the district court's order and remand this case to the district court for further consideration in light of *Concepcion*. We express no opinion as to the merits of the claim as remanded. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*