**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-7079**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER SMITH, a/k/a Killa,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge.  (2:15-cr-00007-JAG-DEM-1)

─────────

Submitted:  May 17, 2023                              Decided:  June 27, 2023

─────────

Before THACKER and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:** Jonathan I. Edelstein, LAW OFFICES OF ALAN ELLIS, New York, New York, for Appellant.  Jessica D. Aber, United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Smith appeals the district court's order denying his motion for compassionate release. The district court concluded that even assuming Smith had shown extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), the factors under 18 U.S.C. § 3553(a) weighed heavily against modifying his sentence. On appeal, Smith contends the district court's decision that the § 3553(a) factors weighed against modifying his sentence was an improvident exercise of discretion. We affirm.

"A sentencing court may not, as a general matter, 'modify a term of imprisonment once it has been imposed.'" *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). "But a district court may reduce a sentence through a motion for compassionate release." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)).

We review a district court's decision on a motion for compassionate release for abuse of discretion. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "Under this standard, 'this Court may not substitute its judgment for that of the district court.'" *Id*. "A district court abuses its discretion when it acts 'arbitrarily or irrationally,' fails to follow statutory requirements, fails to 'consider judicially recognized factors constraining its exercise of discretion,' relies 'on erroneous factual or legal premises,' or 'commit[s] an error of law.'" *Id*. We review a district court's interpretation of the scope of § 3582(c)(1)(A) de novo. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that

2

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

While there is no policy statement applicable to compassionate release motions filed by defendants, meaning that "district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction," the policy statement applicable to BOP-filed motions "remains helpful guidance even when motions are filed by defendants." *United States v. McCoy*, 981 F.3d 271, 282-83 & n.7 (4th Cir. 2020); *Hargrove*, 30 F.4th at 194. Moreover, while "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence," a defendant may argue in a motion for compassionate release "that a change in the sentencing law that occurred after [the sentencing] (but did not apply retroactively) merit[s] a reduction in [the sentence] to conform to that change." *Ferguson*, 55 F.4th at 270-72; *McCoy*, 981 F.3d at 286.

"The factors applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized." *Hargrove*, 30 F.4th at 197. "[T]he inquiry is multifaceted and must take into account the totality of the relevant circumstances." *Id.* at 198.

"When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district

3

court to give greater weight to an inmate's personal circumstances—when sufficiently extraordinary and compelling—than to society's interests in the defendant's continued incarceration and the finality of judgments." *Id*. at 197. "Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *Id*.

"In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). "Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)).

We presume that the district court sufficiently considered relevant factors in deciding a § 3582(c)(1)(A) motion. *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021). "Although a district court is not required to address each of a defendant's arguments for a reduced sentence, just how much of an explanation is required depends upon the narrow circumstances of the particular case." *Id.* at 170. "[T]he touchstone in assessing the sufficiency of the district court's explanation must be whether the district court set forth enough to satisfy our court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Hargrove*, 30 F.4th at 199 (internal quotation marks omitted).

In determining whether a district court abused its discretion in analyzing the § 3553(a) factors for a § 3582(c)(1)(A) motion, "it weighs against an abuse of discretion—

4

and is viewed as 'significant'—when the same judge who sentenced the defendant rules on the compassionate release motion." *Bethea*, 54 F.4th at 834. "Moreover, the less time there is between the court's sentencing-phase § 3553(a) analysis and its compassionate-release assessment, the more consequential this latter consideration becomes." *Id.* District courts "'have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.'" *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020).

We have reviewed the record and Smith's arguments on appeal, and we conclude that he fails to show any abuse of discretion by the district court. The same judge who decided the § 3553(a) factors weighed heavily against modifying Smith's sentence and denied his motion had sentenced him less than six years before the denial. Moreover, Smith does not show the district court acted arbitrarily or irrationally, failed to follow statutory requirements, failed to consider judicially recognized factors constraining its exercise of discretion, relied on erroneous factual or legal premises, or committed any error of law.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*