**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6693

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARENTO VALENTINO GRADY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:16-cr-00012-BO-1)

Submitted:  July 14, 2023                          Decided:  July 25, 2023

Before GREGORY and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, Rudy E. Renfer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larento Valentino Grady appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. On appeal, Grady argues that the district court inadequately addressed his evidence in mitigation and relied on misapprehensions of fact and law when declining his request to reduce his sentence under § 3582(c)(1)(A)(i). We vacate and remand for further proceedings.

We review for abuse of discretion a district court's ruling on a § 3582(c)(1)(A)(i) motion for compassionate release. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the district court considers whether "extraordinary and compelling reasons" support a sentence reduction. *Id.* (internal quotation marks omitted). Second, the court considers whether granting such a reduction would be "consistent with applicable policy statements issue by the Sentencing Commission." *Id.* (internal quotation marks omitted). Because there is currently no Sentencing Commission policy statement "applicable" to defendant-filed motions for compassionate release, "district courts are empowered to consider *any* extraordinary and compelling reason for release that a

2

defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). Third, if the court determines that the defendant has demonstrated extraordinary and compelling reasons, it must also consider any applicable sentencing factors under 18 U.S.C. § 3553(a) to determine whether a sentence reduction is warranted. *United States v. Mangarella*, 57 F.4th 197, 200 (4th Cir. 2023).

When considering the § 3553(a) factors, the court "must account not only for the circumstances at the time of the original offense but also for significant post-sentencing developments," such as rehabilitation efforts and the health risks to the defendant caused by the pandemic. *Id.* at 203. The court's "task in weighing compassionate release [is] not to assess the correctness of the original sentence it imposed." *United States v. Bond*, 56 F.4th 381, 385 (4th Cir. 2023) (internal quotation marks omitted), *petition for cert. filed*, No. 21-7417 (U.S. May 1, 2023). Rather, courts are asked "to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other, . . . to determine whether [the] relevant § 3553(a) factors weigh against sentence reduction in light of new extraordinary and compelling reasons." *United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023) (cleaned up).

The district court need not address every argument raised by the defendant or "provide an exhaustive explanation analyzing every § 3553(a) factor" when ruling on a compassionate-release motion. *Jenkins*, 22 F.4th at 170. Nevertheless, the court must provide an explanation sufficient "to allow for meaningful appellate review" in light of the particular circumstances of the case. *High*, 997 F.3d at 190 (internal quotation marks omitted). "[T]he touchstone in assessing the sufficiency of the district court's explanation

3

must be whether the district court set forth enough to satisfy our court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority[.]" *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022) (internal quotation marks omitted).

Here, the district court assumed without deciding that Grady established extraordinary and compelling reasons supporting compassionate release but determined that the 18 U.S.C. § 3553(a) factors did not warrant relief. In doing so, the district court described only Grady's offense conduct and criminal history. As Grady observes, the district court did not acknowledge or address his postsentencing mitigation arguments, including his evidence of the various rehabilitative efforts he has undertaken while incarcerated. The court's failure to acknowledge this evidence "does not by itself establish that the district court failed to *consider* [that argument], at least implicitly, in weighing the § 3553(a) factors." *Mangarella*, 57 F.4th at 203-04. But we also have explained that, where a defendant "presents a significant amount of post-sentencing mitigation evidence," the court must engage in a "more robust and detailed explanation" that permits meaningful appellate review of the court's reasons for rejecting that mitigation evidence. *High*, 997 F.3d at 190 (internal quotation marks omitted).

Grady's rehabilitation evidence was sufficient trigger the court's obligation to provide a more detailed explanation. If credited, Grady's argument regarding his significant efforts at rehabilitation during his years of incarceration, which he supported by documentary evidence, may cut against the district court's conclusion that the § 3553(a) factors supported the original sentence, even accepting the premises underlying the

4

extraordinary and compelling reasons Grady alleged. "[W]hile the district court is still empowered in its discretion to consider the facts of [the defendant's] original transgressions, the district court must also at least weigh [the defendant's] conduct in the years since [his] initial sentencing[]." *Bethea*, 54 F.4th at 837 (internal quotation marks omitted). Absent more thorough treatment, we are unable to conduct meaningful appellate review of the district court's grounds for rejecting these arguments.[*] Moreover, we conclude that the error is not harmless, as we are unable to "say with fair assurance that the district court's explicit consideration of [Grady's mitigation] arguments would not have affected" the court's ruling on Grady's motion. *See United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (cleaned up).

Accordingly, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We are unpersuaded by Grady's additional argument that the district court relied on factual and legal misapprehensions regarding the requested and/or authorized scope of relief.