**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––

**No. 22-7427**

––––––––––––

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

GUILLERMO SALAZAR-VELASQUEZ,

              Defendant - Appellant.

––––––––––––

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:08-cr-00904-RMG-1)

––––––––––––

Submitted:  August 18, 2023                        Decided:  August 30, 2023

––––––––––––

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

––––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––––

Guillermo Salazar-Velasquez, Appellant Pro Se. Emily Evans Limehouse, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guillermo Salazar-Velasquez appeals from the district court's order denying his motion for compassionate release. On appeal, he asserts that the district court did not adequately consider and address the reasons he presented for release. We affirm.

We review a district court's ruling on a motion for compassionate release for abuse of discretion. *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

District courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" upon a motion of the Director of the Bureau of Prisons (BOP) or upon a motion of the defendant after he has exhausted his administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A)(i). If a court finds that extraordinary and compelling reasons exist, it must then consider the § 3553(a) factors "to the extent that they are applicable." Id. § 3582(c)(1)(A). Finally, a court may grant a reduction only if it is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* "As of now, there is no Sentencing Commission policy statement 'applicable' to [a defendant's] compassionate-release motion[]," as opposed to such a motion brought by the BOP. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Thus, currently, courts may consider any extraordinary and compelling reasons for release that a defendant raises. *Id.* at 284.

When deciding a compassionate release motion, "district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (addressing, in context of motion under § 404 of First Step Act, whether courts may consider intervening changes of law or fact in exercising discretion to reduce a sentence). However, it is well-established that a district court is not required to expressly acknowledge and address every argument offered in support of a motion for compassionate release. *High*, 997 F.3d at 188-89. Rather, "just how much of an explanation is required depends upon the narrow circumstances of the particular case." *Jenkins*, 22 F.4th at 170. Ultimately, a court's explanation is sufficient if it demonstrates that the court "was aware of the arguments, considered the relevant sentencing factors, and had an 'intuitive reason' for" denying the motion. *High*, 997 F.3d at 191 (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018)); *see Concepcion*, 142 S. Ct. at 2404 (noting court is not "required to articulate anything more than a brief statement of reasons" when denying First Step Act motion and must only "make clear that it reasoned through the parties' arguments" (cleaned up)).

Here, the district court's brief discussion adequately demonstrated that it considered Salazar-Velasquez's arguments. Regarding Salazar-Velasquez's contentions of ineffective assistance, prosecutorial misconduct, and Sentencing Guidelines errors during his criminal proceeding, "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022), *petition for cert. filed* (June 16, 2023). Because these claims were frivolous,

3

the district court did not err in failing to provide a detailed explanation of its rejection of them.

Turning to Salazar-Velasquez's claims regarding his personal circumstances—age, medical conditions, risk of COVID complications—the district court considered these in Salazar-Velasquez's prior compassionate release motion, and Salazar-Velasquez fails to explain how his circumstances have changed, with the exception of his vaccination. However, Salazar-Velasquez does not explain how his vaccination strengthens his motion or provides an extraordinary or compelling reason for his release. As such, the district court did not err in providing only a brief discussion of these factors, and the district court's failure to consider Salazar-Velasquez's vaccination was, at most, harmless error.

Next, Salazar-Velasquez relies on amendments to BOP regulations and the Sentencing Guidelines. Even assuming Salazar-Velasquez is entitled to earlier release under the new BOP regulations, he fails to argue how the new regulations, presumably applicable to the entire prison population, would establish an extraordinary and compelling reason for his compassionate release. In any event, Salazar-Velasquez is free to apply to the BOP for relief.

In addition, the district court did not abuse its discretion in failing to consider potential Guidelines amendments that had not been either adopted or enacted at the time of its decision. After the effective date of the amendments, Salazar-Velasquez is free to apply again for compassionate release under the new standards. Further, even assuming the district court erred in some manner in finding that there was no extraordinary and compelling reason for Salazar-Velasquez's release, Salazar-Velasquez does not challenge

4

the district court's separate determination that the 18 U.S.C. § 3553 factors weigh against his release.

Finally, Salazar-Velasquez requests permission to file an untimely 28 U.S.C. § 2255 motion. However, a motion for compassionate release is not the proper filing to seek this relief. The proper procedure would be to file a § 2255 motion and seek equitable tolling in that proceeding. Moreover, while Salazar-Velasquez asserts that his attorney's and the Government's alleged misconduct caused his default and that he is now barred from filing a motion, such is insufficient to qualify as an extraordinary and compelling reason for release. *See Ferguson*, 55 F.4th at 271.

Accordingly, we grant Salazar-Velasquez's motions to supplement and amend his informal brief and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*