**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6228**

KENNETH H. NEWKIRK,

        Petitioner - Appellant,

    v.

RALPH NORTHAM, Governor of VA,

        Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge; Mark R. Colombell, Magistrate Judge.  (3:23-cv-00058-HEH-MRC)

Submitted:  September 18, 2023                  Decided:  October 13, 2023

Before RICHARDSON, RUSHING, and HEYTENS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Kenneth H. Newkirk, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth H. Newkirk, a Virginia inmate, filed a "Request for Emergency Appeal Bond on or/Appeal Bond not to Exceed 5000/and or Home Confinement." After examining the pleading, the magistrate judge could not discern whether Newkirk was attempting to file a 42 U.S.C. § 1983 complaint of a 28 U.S.C. § 2254 petition. Accordingly, the magistrate judge directed the Clerk to send Newkirk forms for both types of actions and ordered Newkirk to complete the proper form within 30 days. The magistrate judge warned that failure to submit a completed form by the deadline would result in the dismissal of the action. Newkirk did not submit his action on the proper form but filed a "Request for Delayed Appeal." The district court denied that request and dismissed Newkirk's action without prejudice for failure to comply with the magistrate judge's order.

Newkirk first seeks to appeal the magistrate judge's order directing him to file the action on the proper form. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "[A] final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (internal quotation marks omitted). The magistrate judge's order is not a final order. Accordingly, we dismiss Newkirk's appeal of the magistrate judge's order for lack of jurisdiction.

Newkirk also appeals the district court's order dismissing his action. A district court has the authority to dismiss an action for a party's failure to comply with its orders, and we review a court's decision to dismiss for failure to comply for an abuse of discretion. *See* Fed. R. Civ. P. 41(b); *Attkisson v. Holder*, 925 F.3d 606, 620, 625-27 (4th Cir. 2019). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted). We conclude that the district court did not abuse its discretion in dismissing Newkirk's action and affirm the court's judgment. *Newkirk v. Northam*, No. 3:23-cv-00058-HEH-MRC (E.D. Va. Mar. 28, 2023); *see Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court did not abuse its discretion when it dismissed case for failure to comply with prior order after explicitly warning that dismissal would result from failure to comply). We deny a certificate of appealability as unnecessary. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009); *United States v. McRae*, 793 F.3d 392, 399-400 (4th Cir. 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED PART,*
*AFFIRMED IN PART*

3