**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7038

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDALL J. KEYSTONE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:18-cr-00013-JPJ-1)

Submitted:  December 19, 2023                          Decided:  December 27, 2023

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Randall J. Keystone, Appellant Pro Se.  Paula Danielle Stone, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall J. Keystone appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. In his motion, Keystone asserted that relief was warranted in light of his age, the nature of his offense conduct, the sentence he received and the nature of his sentencing, and his post-sentencing conduct and efforts at rehabilitation and because he was found guilty due to ineffective assistance of counsel and had served his fair share of punishment. The district court acknowledged Keystone's assertion his conviction resulted from ineffective assistance of counsel and concluded that relief was unwarranted based on his claim that he had served his fair share of punishment. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

Under § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." The court is "empowered to consider any extraordinary and compelling reason for release that a defendant might raise" in deciding whether to grant a defendant-filed motion. *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021) (cleaned up). The court also must consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." § 3582(c)(1)(A).

We review a district court's ruling on a compassionate release motion for abuse of discretion. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or

2

legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Additionally, while there is no "categorical . . . requirement" that a district court explicitly address the movant's arguments or elucidate its reasoning, the court also errs if, in light of the particular circumstances of the case, its explanation is "[in]adequate to allow for meaningful appellate review." *United States v. High*, 997 F.3d 181, 187, 189 (4th Cir 2021); *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("Just how much of an explanation [is] require[d] . . . depends . . . upon the circumstances of the particular case."). At bottom, the district court must "set forth enough to satisfy [this] court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *High*, 997 F.3d at 190 (cleaned up).

Here, the district court explicitly considered Keystone's arguments that he was found guilty because of ineffective assistance by trial counsel and that he had served his fair share of punishment. Nevertheless, the court's order does not reveal whether it considered Keystone's remaining arguments that relief was warranted in light of his age, the nature of his offense conduct, the sentence he received and the nature of his sentencing, and his post-sentencing conduct and efforts at rehabilitation and, if so, on what basis it rejected those arguments. Accordingly, we can only speculate as to whether the court adequately and reasonably considered Keystone's arguments and properly applied the governing law, or whether it abused its discretion.

We therefore vacate the district court's order and remand for further proceedings. We express no view as to the merits of Keystone's compassionate release motion. We

3

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*