**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-7036**

---

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

MITCHELL WASHINGTON, a/k/a Pig,

    Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:20-cr-00066-DJN-1)

---

Argued:  September 9, 2025                    Decided:  December 12, 2025
                        Amended:  December 16, 2025

---

Before AGEE, HEYTENS and BERNER, Circuit Judges.

---

Affirmed by published opinion.  Judge Agee wrote the opinion in which Judge Heytens joins. Judge Berner wrote a dissenting opinion.

---

**ARGUED:**  Mary Elizabeth Maguire, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  James Reed Sawyers, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Erik S. Siebert, Unite States Attorney, Janet Jin Ah Lee, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

AGEE, Circuit Judge:

Mitchell Washington appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the court abused its discretion by concluding that, even though he had demonstrated extraordinary and compelling reasons for relief at the first part of its assessment, the § 3553(a) factors nonetheless weighed against granting relief. For the reasons set forth below, we affirm the court's decision denying the motion for compassionate release.

I.

Some background on § 3582(c)(1)(A) motions is necessary to put the procedural history and district court's decision in context. As a general rule, courts cannot modify a sentence once it has been imposed, but § 3582(c) contains exceptions to that rule. Until recently, only the Government could move to modify a sentence under § 3582(c). As amended, however, defendants can also move for a modification. Relevant here, a district court now "may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that" "extraordinary and compelling reasons warrant such a reduction[.]" § 3582(c)(1)(A)(i).

But § 3582(c)(1)(A) also requires a third finding: "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" At the time the district court denied Washington's motion, the Sentencing Commission had not yet issued any applicable policy statement, and in the absence of such guidance, we had approved of district courts exercising their "own independent determination of what constitutes an

2

extraordinary and compelling reason[.]" *See United States v. Burleigh*, 145 F.4th 541, 548 & n.5 (4th Cir. 2025).[1]

II.

In 2020, Washington pleaded guilty to two counts of distribution of a mixture containing both heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). At sentencing, the district court determined that Washington should be sentenced as a career offender for purposes of calculating his Guidelines range. That decision resulted in a total offense level of 29, which when coupled with Washington's criminal history category of VI, resulted in a Guidelines range of 151 to 188 months' imprisonment. The

---

[1] Since the district court denied Washington's motion, the Commission *has* issued guidance about what qualifies as extraordinary and compelling reasons to grant relief to a defendant who moves for compassionate release under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13. We have held that such guidance would operate retroactively if we were to vacate and remand for reconsideration of a § 3582(c)(1)(A) motion, so long as the policy guidance was not itself violative of a statute or the constitution. *See United States v. Crawley*, 140 F.4th 165, 170 (4th Cir. 2025). Under the new guidance, an unusually long sentence "may be considered in determining whether the defendant presents an extraordinary and compelling reason," only where the "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment" and "a change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." § 1B1.13(b)(6). As the Government noted at oral argument, Washington would not be able to satisfy this requirement, though he could assert that he nonetheless shows "extraordinary and compelling" reasons under (b)(5). *See* § 1B1.13(b)(5) (noting that the court should look to (b)(1) to (b)(4)—but not (b)(6)'s sentence-disparity provision—when deciding whether to afford relief under (b)(5)'s other circumstances "similar in gravity" provision). But because this guidance was not in effect when the district court decided Washington's motion, it did not constrain the district court's discretion and so we do not look to those provisions in this appeal.

district court then concluded that a downward variance was appropriate, noting several factors under § 3553(a) that warranted a total sentence of 96 months' imprisonment plus a five-year term of supervised release.

In 2022, Washington filed a motion for compassionate release under § 3582(c)(1)(A), asserting that recent changes in the law meant that if he were sentenced today, he would not be sentenced as a career offender. Without that enhancement, and with everything else remaining the same, Washington's Guidelines range would be 24 to 30 months rather than 151 to 188 months. Washington urged the district court to grant his motion, recalculate his Guidelines range, and then impose a within-Guidelines sentence of time served, thus permitting his immediate release.[2]

The district court denied relief, walking through § 3582(c)(1)(A)'s criteria. It first concluded that Washington had demonstrated a "compelling and extraordinary" reason warranting a sentence reduction based on the "enormous disparity" between the Guidelines range at sentencing and what his Guidelines range would be if recalculated at the time of the hearing. J.A. 184–85. In short, the court agreed that one of Washington's predicate convictions for the career offender enhancement would no longer count as such, meaning that his offense level would be lower, resulting in an overall lower Guidelines range. Despite that determination, the court concluded that compassionate release was not

---

[2] In the district court, Washington pressed a second argument in support of compassionate relief based on unique risks purportedly posed to him by COVID-19. The district court denied relief on that claim, and Washington does not challenge that decision on appeal. Accordingly, that part of the court's decision is not before us.

justified under the § 3553(a) factors. To that end, it first acknowledged its discretion under § 3553(a) and then recited a handful of factors as being particularly relevant to its determination in Washington's case. "[M]ost relevant" were Washington's "significant criminal history and the need to promote respect of the law[,]" as the court found that "the seriousness of [Washington's] criminal history"—which dated back some thirty years and included an array of non-violent and violent offenses—"evince[d] a record of disrespect for the law." J.A. 185–86. While the court "commended" Washington "for his rehabilitative efforts," it ultimately concluded that those "modest" efforts did not "convince [the court] that he pose[d] a reduced danger to himself or his community." J.A. 186. The court also rejected Washington's argument that his time served—which was "more time than his guidelines would have been if he had been sentenced today"—was "sufficient, but not greater than necessary" to accomplish the sentencing objectives of § 3553(a). *Id.* Last, the court cited caselaw supporting its conclusion that Guidelines reductions do not, "standing alone," "provide an independent basis for relief under § 3582(c)(1)(A)." J.A. 186–87.

Washington noted a timely appeal, and the Court has jurisdiction under 28 U.S.C. § 1291.

## III.

### A.

The sole issue before us is whether the district court abused its discretion in denying Washington's motion for compassionate release. *See United States v. Brown*, 78 F.4th 122,

5

127 (4th Cir. 2023). Under this standard, we "may not substitute [our] judgment for that of the district court." *United States v. Vidacak*, 553 F.3d 344, 348 (4th Cir. 2009); *accord United States v. Bethea*, 54 F.4th 826, 832 (4th Cir. 2022) (cleaned up). Instead, we may only ensure that the district court "has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion," *Brown*, 78 F.4th at 127 (cleaned up). "Put simply, an abuse of discretion is when the district judge is 'fundamentally wrong,' not when we disagree with the district court's judgment." *Burleigh*, 145 F.4th at 549 (quoting *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022)).

Furthermore, an additional measure of deference to this already deferential standard exists when—as here—"the same judge who sentenced the defendant rules on the compassionate release motion." *Bethea*, 54 F.4th at 834. That fact "weighs against an abuse of discretion," *id.*, because it provides "a strong indication that the judge knows of the defendant's circumstances, both favorable and unfavorable, and considers the totality of the record when assessing whether a different sentence is now warranted," *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

B.

Washington contends the district court abused its discretion by failing to consider the gross sentencing disparity created by his original and recalculated Guidelines ranges when it undertook its § 3553(a) assessment. Recognizing that a district court need not "robotically tick through" each § 3553(a) factor, *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006), Washington nonetheless faults the court for not specifically

6

reweighing the unwarranted sentencing disparity, *i.e.*, factor (a)(6), among its § 3553(a) discussion. He also asserts the district court erred by relying solely on one consideration—his criminal history, relevant to factors (a)(1)–(2)—in its § 3553(a) analysis, thus placing disproportionate emphasis on it when compared to a broader assessment. Last, Washington argues that the district court was too dismissive of his rehabilitative efforts, only acknowledging them in passing instead of addressing them in greater depth and recognizing that they favored resentencing. In sum, Washington asserts the district court failed to undertake a § 3553(a) assessment that complies with § 3582(c). He therefore argues that this Court should vacate and remand for a do-over in which it approaches the § 3553(a) analysis differently.

Having reviewed the district court's discussion of why it denied Washington's requested relief, we conclude that it did not abuse its discretion in denying that relief. At the outset and as already recounted, Washington faces a high hurdle under our deferential standard of review. Moreover, we generally presume that the district court sufficiently considered relevant factors when deciding a § 3582(c)(1)(A) motion. *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021). In no small part, Washington's arguments ignore that, when undertaking their analysis, district courts "do[] not have the duty to provide an in-depth explanation for each § 3553(a) factor." *United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023). Nor are they required to address each argument a defendant makes in support of the motion. *Jenkins*, 22 F.4th at 167.

Instead, we have explained that "how much of an explanation is required depends upon the narrow circumstances of the particular case." *Id.* at 170. And a district court's

explanation that "implicitly respond[s]" to the defendant's arguments or counterpoints will typically be sufficient for purposes of appellate review. *Bethea*, 54 F.4th at 837 (cleaned up). "[T]he touchstone in assessing the sufficiency of the district court's explanation must be whether the district court set forth enough to satisfy our Court that it has *considered* the parties' arguments and has a *reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022) (cleaned up).

These principles dispose of most of Washington's arguments on appeal. In no small measure, he's unhappy with how the district court weighed certain § 3553(a) factors, arguing that it should have given more weight to his rehabilitative efforts and less weight to his criminal history. But those judgments are quintessentially within the province of the district court's discretion. *Cf. United States v. Carter*, 564 F.3d 325, 330 n.4 (4th Cir. 2009) ("An appellate court may not weigh the § 3553(a) factors in the first instance; it can only determine whether the district court acted within its discretion in sentencing."); *accord United States v. Clark*, 434 F.3d 685, 689 (4th Cir. 2006) (Motz, J., concurring) ("Application of the § 3553(a) factors is neither a mechanical nor an automatic process— some factors may weigh more heavily than others depending on the facts of an individual case."). A review of the district court's explanation here shows that it engaged with Washington's arguments, articulated what factors it found important or unimportant to its

8

decision, and stated the grounds for denying the requested relief. That discharged the court's duty on that front.[3]

We also reject Washington's argument that the court abused its discretion by failing to explicitly address the sentencing Guidelines range disparity that had opened the door to § 3582(c)(1)(A) relief again as part of its § 3553(a) discussion. That argument is squarely foreclosed by our case law, which has repeatedly recognized two integrated principles.

---

[3] The dissenting opinion would require more of the district court, supplanting the deferential level of review we are to afford with the view that more needed to be said about Washington's criminal history in order to weigh the factors as it did. But the court's explanation runs for several pages, explaining the nature of just a fraction of Washington's offenses recounted in the pre-sentence report. The court discussed both how long Washington had persisted in criminal behavior ("[b]eginning at age 14"), the vast array of types of offenses he'd committed over that time, and his persistence in criminal behavior "while under a criminal justice sentence." J.A. 185. In addition, the district court observed that Washington's criminal history category (VI—the highest) would have remained unchanged. From that recitation, it requires little effort from an appellate court to understand the district court's conclusion that several § 3553(a) factors weighed against relief, including Washington's "substantial criminal history and the need to promote respect for the law, as well as protecting the public from future crimes." J.A. 186. Added to that discussion and the general deference we afford to district courts considering these motions is the fact that this same district judge originally sentenced Washington—a factor we have said warrants a doubly deferential approach because it increases our assurance that the court was familiar with this defendant's entire set of circumstances when considering the motion pending before it. *Cf. Centeno-Morales*, 90 F.4th at 279.

Contrary to the dissent's impression, this was not a case where a single § 3553(a) factor was mentioned in passing before the district court cursorily deemed it more significant than a host of factors weighing the other way. *Accord Burleigh*, 145 F.4th at 552 (observing that a district court's sentencing discussion "was not cursory" when it explained its decision in "nearly two pages" as opposed to "one paragraph"). Nor is it one where something about the court's approach undermines our ability to assess how it undertook its duty to weigh the factors. To the contrary, the district court fully discharged its obligations under the principles expressed above, and we find no fault with the adequacy of its explanation. *See United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021) ("[The] touchstone must be whether the district court set forth enough to satisfy our court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." (cleaned up)).

First, district courts are not required to restate views expressed in its "extraordinary and compelling" analysis in its § 3553(a) analysis. And second, on appellate review of a court's ruling on a § 3582(c)(1)(A) motion, we consider the totality of its statements rather than view them in isolation.

For example, in *United States v. Moody*, 115 F.4th 304 (4th Cir. 2024), we reiterated that our review of a district court's denial of a § 3582(c)(1)(A) motion "consider[s] 'the record as a whole'" and that we will "generally assume that the court's § 3553(a) analysis incorporates any relevant circumstances considered in the court's extraordinary and compelling reasons inquiry." *Id.* at 315 (quoting *Jenkins*, 22 F.4th at 171); *see also United States v. Mangarella*, 57 F.4th 197, 204 (4th Cir. 2023) (citing additional cases supporting the proposition that "we have been prepared to assume that when a court considers or discusses a defendant's [arguments] in connection with the 'extraordinary and compelling' inquiry under § 3582(c)(1)(A)(i), it also has considered that claim in its weighing of the § 3553(a) factors").

And in *Burleigh*, we specifically applied these principles to reject an argument identical to the one Washington now presses. There, Burleigh argued "that the district court did not properly address his unwarranted sentence disparity in its § 3553(a) analysis." 145 F.4th at 552. We disagreed, observing that "[a]lthough the district court [had] not explicitly mention[ed] Burleigh's sentence disparity in this portion of its analysis, it [had] discussed it extensively in explaining why the disparity between Burleigh's old and new sentences was not an extraordinary and compelling reason to justify relief." *Id.* at 552–53. We concluded that, when "reading the district court's order as a whole, it [wa]s apparent that

10

the court understood Burleigh's sentence disparity argument but did not believe that it weighed in favor of release." *Id.* at 553. And we rejected the contention that the district court was "required to repeat the same information twice" when undertaking its § 3553(a) assessment. *Id.*

Here, the district court discussed at length Washington's argument that a significant sentencing disparity existed between the applicable Guidelines range at his original sentencing hearing and the one that would apply if he were to be resentenced. It did so to *agree* with Washington that this discrepancy favored granting compassionate release under § 3582(c)(1)(A). *E.g.*, J.A. 171 ("find[ing] that a significant disparity exists between Washington's sentence and the sentence he would receive if sentenced today, but that the 18 U.S.C. [§] 3553(a) factors do not support any reduction to his sentence at this time"); J.A. 184–85 (concluding "that the seventy-two-month disparity between [Washington's] current sentence and the applicable guidelines range if the Court sentenced him today constitutes an 'extraordinary and compelling' reason for § 3582(c)(1)(A) relief, particularly given that [he] has already served forty-one months of his current sentence, i.e., more than the proper range would be").

The district court's reasoning demonstrates that it was fully aware of the extent of the sentencing disparity at issue here and that it factored in Washington's favor when considering his § 3582(c)(1)(A) motion. But nothing required the district court to then turn around and readdress this same point when considering the other statutory factors relevant to its decision whether to grant relief. In fact, *Burleigh* directly recognized the opposite: because the record demonstrates that the district court understood and explicitly engaged

11

with Washington's Guidelines range disparity as part of its decision to deny relief, it was "not required to repeat the same information twice." 145 F.4th at 553. As was true there, we will not "[f]lyspeck district court decisions for compliance with our subjective views of the right amount of explanation." *Id.* The district court's approach to Washington's § 3582(c)(1)(A) motion complied with the statutory requirements and our precedent and engaged in "the necessary analysis for exercising its discretion." *Brown*, 78 F.4th at 127. In short, the court did not abuse its discretion, and Washington's argument to the contrary fails.[4]

IV.

For the reasons stated, Washington has not shown that the district court abused its discretion when denying his § 3582(c)(1)(A) motion for compassionate release. Accordingly, we affirm the district court's judgment.

---

[4] The dissenting opinion rejects this straightforward application of our precedent. Instead, it claims that "treat[ing] the two separate analytical prongs of the district court's analysis in tandem where they do not conflict"—because the district court has determined that both prongs of the analysis foreclose relief—makes sense, but that same treatment does not make sense "where the district court's findings conflict." *Post* at 20. But *Burleigh* and *Moody* leave no room for such a distinction, nor is one appropriate. *See, e.g.*, *Moody*, 115 F.4th at 315 (observing that even if the district court had erred in determining that a significant sentencing disparity constituted extraordinary and compelling reasons at step one, its decision to deny relief under the § 3553(a) factors—an analysis that necessarily did not reassess the extent of the sentencing disparity against those factors—adequately addressed why relief was not warranted). The key is that the district court has assessed the disparity as part of its decision whether to afford relief. Once it identifies grounds for granting relief—one factor in a defendant's favor—its assessment and discussion of why other facts nonetheless lead it to deny relief necessarily performs the requisite weighing of factors that the dissent wrongly contends is lacking.

12

*AFFIRMED*

BERNER, Circuit Judge, dissenting:

Had Mitchell Washington been sentenced only a few years later, his Guidelines range would have been two to two-and-a-half years. Instead, Washington was sentenced to eight years' imprisonment, over three times that amount. The district court found, aptly so, that this sentencing disparity is "enormous" and constitutes an "extraordinary and compelling" reason to reduce Washington's sentence. It nevertheless denied Washington's motion for compassionate release.

The question before us is whether the district court abused its discretion in so doing. When a district court has found that an extraordinary and compelling reason exists to grant relief under the First Step Act, it must—in my view—then assess the impact of that finding in relation to the relevant Section 3553(a) factors. Such assessment is necessary for our appellate review of the district court's ruling. Because the district court altogether failed to address the implications of the sentencing disparity in relation to the relevant 3553(a) factors, I would find an abuse of discretion and reverse.

## I.

Mitchell Washington petitioned for relief under the compassionate release statute. 18 U.S.C. § 3582(c)(1)(A)(i). In 2018, Congress amended this statute as part of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). One of the purposes of the First Step Act is to increase the frequency and transparency of the process for obtaining compassionate release of individuals incarcerated in federal prisons. *McCoy v. United States*, 981 F.3d 271, 276 (4th Cir. 2020). Prior to the passage of the First Step Act, only

the federal Bureau of Prisons could request that a court consider a petition for compassionate release. *Id.* The Department of Justice published a report in 2013 that described how this power had been used only "sparingly" and was being "poorly managed." *Id.* (citing U.S. Dep't of Just., Office of the Inspector Gen., *The Federal Bureau of Prisons' Compassionate Release Program* 1 (2013), https://www.oversight.gov/sites/default/files/oig-reports/e1306.pdf [https://perma.cc/3TZ8-NBCT]). Indeed, from 2006 through 2011, an average of only 24 people were released each year with the support of the BOP. *Id.* Against this backdrop, Congress amended Section 3582(c)(1)(A) to "remove the Bureau of Prisons from its former role as a gatekeeper over compassionate release petitions." *Id.* (internal quotation marks and citation omitted). Now, individuals incarcerated in federal prisons can petition for compassionate release directly to a federal court. 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act was "simultaneously monumental and incremental." *McCoy*, 981 F.3d at 275 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)). Monumental in the sense that it "led to the release of thousands of imprisoned people whom Congress and the Executive believed did not need to be incarcerated." *Id.* Yet incremental because, "rather than mandating more lenient outcomes, it often favored giving discretion to [courts] to consider leniency." *Id.*

The First Step Act grants a federal district court considerable discretion to reduce a petitioner's term of imprisonment if the court determines that the two statutory prongs merit relief. *Concepcion v. United States*, 597 U.S. 481, 501 (2022). Under the first prong, the district court must find that "extraordinary and compelling" reasons warrant relief. 18

15

U.S.C. § 3582(c)(1)(A)(i). The second prong requires the district court to conduct an individualized assessment of the Section 3553(a) factors to find that they too support granting relief. 18 U.S.C. § 3582(c)(1)(A). We review such decisions for an abuse of discretion. *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024).

The First Step Act did not substitute one unreviewable decisionmaker—the federal Bureau of Prisons—for another—the federal district court. Federal circuit courts continue to play a meaningful role on appeal. Increasingly, with deep respect for my colleagues, the decisions of this court suggest otherwise.

## II.

Even under the deference afforded by the abuse of discretion standard, meaningful appellate review requires that a district court set forth sufficient reasoning for its decision. *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022). The appropriate level of explanation depends upon the circumstances of each case. *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). An appellate court is "well suited to" determine when it is

necessary to "request a more detailed explanation" from a district court, *id.* at 119,[1] and we should do so here.

In its analysis under the second prong, the district court failed to mention the sentencing disparity it found—only a few pages prior—to be "extraordinary." Nor did it explain why this extraordinary disparity was outweighed by other 3553(a) considerations. The majority, however, finds no abuse of discretion. Under the standard it applies, individualized consideration of the relevant factors can be implicitly read into a district court's silence, and a district court's cursory mention of a single 3553(a) factor can suffice as adequate reasoning to deny a petition even where other factors clearly favor relief. By granting near complete deference to the district court in compassionate release cases, I fear we abdicate our responsibility as a reviewing court.

---

[1] This court has, for example, requested additional explanation where a district court failed to provide an individualized assessment, *see e.g.*, *United States v. McDonald*, 986 F.3d 402, 411–12 (4th Cir. 2021), failed adequately to explain why one Section 3553(a) factor outweighed another, *see e.g.*, *United States v. Martin*, 916 F.3d, 389, 398 (4th Cir. 2019), and failed to consider the party's arguments, *see e.g.*, *United States v. Davis*, 99 F.4th 647, 660 (4th Cir. 2024). *See also United States v. Smith*, 2025 WL 1864767, at *3 (4th Cir. July 7, 2025) (holding that a district court's discretion is not "boundless" and "[u]nder certain circumstances, a district court may abuse its discretion by failing to adequately explain how it weighed the § 3553(a) factors . . . or by failing to recognize that the relevant § 3553(a) factors clearly favor release" (internal citations omitted)).

17

### III.

#### A.     Prong One of the First Step Act Analysis

Under prong one, the district court concluded that the disparity between Washington's sentence and the recommended sentence under the current Guidelines constituted an extraordinary and compelling reason to grant relief under the First Step Act. I agree.

Washington was convicted of distributing less than two grams of heroin and fentanyl. He was sentenced to ninety-six months of incarceration and five years' supervised release. At the time of his sentencing, the district court found that Washington qualified as a career offender and was therefore subject to an increased offense level. U.S.S.G. § 4B1.1. Due to a change in the law, the district court concluded, correctly, that, if Washington were sentenced today, he would not be classified as a career offender.

It is undisputed that Washington's current Guidelines range would be two to two-and-a-half years rather than the eight years to which he was sentenced. This "enormous disparity" constitutes an extraordinary and compelling reason to grant Washington relief under the first prong of the analysis. J.A. 184.[2] In fact, at the time of the district court's ruling, Washington had already been in prison for nearly a year more than the current maximum Guidelines range. At the time of our writing, he has now served nearly double that maximum Guidelines range.

---

[2] Citations to J.A. refer to the Joint Appendix filed by the parties.

### B.     Prong Two of the First Step Act Analysis

Despite having found an extraordinary and compelling reason for relief under the first prong, the district court nevertheless denied Washington's motion for compassionate release. Under the second prong, it neither analyzed the impact of the enormous sentencing disparity on any of the relevant 3553(a) factors nor adequately explained why this finding was outweighed. Each of these deficiencies on its own could, in my view, constitute an abuse of discretion. Together, they most certainly do.

i.

Though the majority is correct that generally we assume that the district court's analysis at prong two incorporates the first prong's analysis, Washington's case merits a different approach. *United States v. Moody*, 115 F.4th 304, 315 (4th Cir. 2024), *see* Maj. Op. 9.

As support for its conclusion, the majority relies upon this court's opinions in *Moody*, 115 F.4th at 315, and *United States v. Burleigh*, 145 F.4th 541 (4th Cir. 2025). In each of those cases, however, the district court found that *no* extraordinary and compelling circumstances warranted compassionate relief under prong one of the First Step Act analysis. At prong two, the district court weighed the 3553(a) factors and concluded that relief was unwarranted regardless. Our precedent reasonably does not require a district court to repeat its analysis of a specific 3553(a) factor under the second prong after it already dispatched with this factor under the first prong.

That is not the case here. To the contrary, here the district court found that Washington's sentencing disparity is "enormous" and warrants relief at prong one. It was

19

then silent as to how this enormous disparity factored into its weighing of the 3553(a) factors under prong two. The district court is not—and indeed should not—be required to repeat its entire discussion of the extraordinary and compelling reason to grant relief. To allow for meaningful appellate review, however, the district court must provide sufficient explanation of how that finding impacted or weighed against the other relevant 3553(a) factors. I believe the failure to do so is an abuse of discretion.

There is good reason why our general presumption, implicitly importing the district court's prong one analysis into its prong two analysis, should not apply in cases like this one. That presumption treats the two separate analytical prongs of the district court's analysis in tandem where they do not conflict. In such circumstances, the district court could have denied relief under either prong, as a finding that relief is warranted under both is necessary. Here, by contrast, the majority applies this presumption where the district court's findings conflict. The district court found an extraordinary and compelling circumstance at prong one yet found, at prong two, that the 3553(a) factors weigh against relief. I submit that such a conclusion necessarily requires explanation. It may well be that other 3553(a) factors outweigh the enormous sentencing disparity in Washington's case, but nothing in the district court's analysis allows us to divine its reasoning.

ii.

A district court also abuses its discretion when it altogether fails to address "relevant § 3553(a) factors [that] clearly favor release." *United States v. Malone*, 57 F.4th 167, 177 (4th Cir. 2023). Even reading the record with the presumption that the district court implicitly weighed the sentencing disparity against the other 3553(a) factors, as the

20

majority concludes we must, I believe the district court abused its discretion by failing to consider the impact of the disparity on other relevant factors.

At prong one, the district court's analysis of the sentencing disparity was confined to its determination that the career offender enhancement no longer applied. In addition to the disparity itself constituting a 3553(a) factor, however, the sentencing disparity also bears directly upon a number of other 3553(a) factors. 18 U.S.C. § 3553(a)(6). These include: 1) the need for the sentence imposed, 2) the kinds of sentences available, 3) the range of sentences available, and 4) the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1–4). The district court was silent with respect to the impact of the "enormous" sentencing disparity on any of these other factors.

The district court summarily proclaimed that, because of Washington's criminal history, the "period of incarceration that [Washington] has served to date is insufficient to accomplish the goals of sentencing." J.A. 186. The 3553(a) factors make clear, however, that the goals of sentencing cannot be reduced to a person's prior criminal history. Indeed, had the district court considered the other relevant 3553(a) factors, "it might have realized that they contradict the very limited reasoning it *did* provide." *United States v. Brown*, 78 F.4th 122, 132 (4th Cir. 2023).

By my count, the district court identified three factors in support of granting Washington relief: the enormous sentencing disparity, the length of time Washington had already served, and Washington's good behavior while incarcerated. We have no way of knowing why the district court concluded that Washington's criminal history alone

outweighs those factors. This is precisely the type of case that calls for additional explanation.

While district courts have considerable discretion to consider motions for compassionate release, our precedent requires a district court to provide sufficient explanation of its reasoning to allow for meaningful appellate review of its decision. This directive in no way usurps a district court's discretion. It simply provides the proper balance necessary to preserve the petitioner's right to appeal.

## IV.    Conclusion

For the reasons above, I would reverse and remand to the district court to conduct the proper analysis. I therefore respectfully dissent.